

ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**FILED**

JAN - 6 2005

CLERK, U.S. DISTRICT COURT

By _____
                Deputy

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| DENNIE M. WILLIS, 809145,<br>        Petitioner, | §<br>§<br>§ |
| v. | §   3:03-CV-1284-G<br>§ |
| DOUGLAS DRETKE, DIRECTOR,<br>TEXAS DEPT. OF CRIMINAL JUSTICE,<br>CORRECTIONAL INSTITUTIONS DIVISION<br>        Respondent. | §<br>§<br>§<br>§ |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C.

§ 636(b) and a standing order of reference from the district court.  The Findings, Conclusions

and Recommendation of the Magistrate Judge are as follows:

### I. Background

On November 24, 1997, Petitioner pled guilty to burglary of a habitation. *State v. Willis*,

No. F-96-42399-KP (203rd Jud. Dist. Ct., Dallas County, Tex., Nov. 24, 1997).  The court

sentenced Petitioner to twenty-five years confinement.  Petitioner did not appeal his conviction.

On February 28, 2002, Petitioner filed a state petition for habeas relief.  On June 5, 2002,

the Court of Criminal Appeals denied the petition.

On April 30, 2003, Petitioner filed this petition.  He argues: (1) the trial court lacked

subject matter jurisdiction; (2) the indictment was defective and invalid; (3) he was denied due

process; (4) he received ineffective assistance of counsel; (5) his conviction was fraudulently

obtained; (6) the penal laws are void and invalid; and (7) the state breached the plea agreement.

The Court now finds the petition is barred by the one-year statute of limitations.

## II.  Discussion

### A.  Statute of Limitations

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the

Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  Therefore, the AEDPA

governs the present petition.  *See Lindh v. Murphy*, 521 U.S. 320 (1997).  The AEDPA

establishes a one-year statute of limitations for federal habeas proceedings.  *See* Antiterrorism

and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

### (1) Section 2244(d)(1)(A)

In most cases, the limitations period begins to run when the judgment becomes final after

direct appeal or the time for seeking such review has expired.  *See* 28 U.S.C.

§ 2244(d)(1)(A).[1]  This period is tolled while a properly filed motion for state post-conviction

relief or other collateral review is pending.  *Id.* § 2244(d)(2).  The one-year limitations period is

---

[1]The statute provides that the limitations period shall run from the latest of--

> (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;

> (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)

also subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).

Petitioner was convicted on November 24, 1997. He did not appeal his conviction. The conviction therefore became final thirty days later on December 24, 1997. *See* Tex. R. App. P. 26.2(a); *see also Roberts v. Cockrell* 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires, regardless of when mandate issues). Petitioner then had one year, or until December 24, 1998, to file his federal petition.

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). On February 28, 2002, Petitioner filed a state habeas application. This application did not toll the limitations period because it was filed after the one-year limitations period expired.

Petitioner was required to file his federal habeas petition by December 14, 1998. He did not file his petition until April 30, 2003. His petition is therefore untimely.

<u>(2) Section 2244(d)(1)(B) and (D)</u>

In the alternative, Petitioner argues his petition is timely under 28 U.S.C. § 2244(d)(1)(B) and (D), because the state created an impediment to his filing a timely state habeas petition and because he has newly discovered evidence.

Petitioner argues the state created an impediment to his filing a habeas petition by providing an inadequate law library. He argues the library does not contain out-of-state cases or law books. The Fifth Circuit has repeatedly held that the inability to obtain research materials is not a "rare and exceptional" circumstance that warrants equitable tolling of the limitations

period. *Scott v. Johnson*, 227 F.3d 260, 263 & n.3 (5th Cir. 2000) (citing *Felder v. Johnson*, 204

F.3d 168, 171-73 (5th Cir. 2000)). Statutory tolling, however, may be justified where a prisoner

is ignorant of the statute of limitations governing federal habeas proceedings and is unable to

obtain a copy of the AEDPA from prison authorities. In that limited circumstance, the inability

to obtain research materials may constitute a state-created impediment under 28 U.S.C. §

2244(d)(1)(B). *Egerton v. Cockrell*, 334 F.3d 433, 437 (5th Cir. 2003). Such is not the case here.

Petitioner states the law library contains a copy of Title 28 of the United States Code. (Pet. Ex.

C). Petitioner's claim is without merit and should be denied.

Petitioner also claims he has newly discovered evidence that "the alleged laws of Texas

fail to comport with the forms, modes and prerequisites mandated by the State's Constitution for

the laws to exist, to wit, they fail to be properly and lawfully enacted, authenticated and

promulgated." (Pet. p. 13). Petitioner's argument is frivolous and should be denied.

## B. Equitable Tolling

The one-year limitation period is subject to equitable tolling in "rare and exceptional

cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174

F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to

determine whether it presents sufficiently 'rare and exceptional circumstances' to justify

equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable

tolling applies principally where the plaintiff is actively misled by the defendant about the cause

of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v.*

*Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96

F.3d 124, 128 (5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to

equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner argues he is entitled to equitable tolling because the state actively misled him about his cause of action and prevented him from asserting his rights. Petitioner states the indictment failed to allege that he "violated a valid law of the State." (Pet. p.15). He argues the state deceived him into believing the indictment was valid and thereby misled him into pleading guilty. (*Id*.). Petitioner's conclusory allegations do not support equitable tolling. *See Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983). Further, even if Petitioner could show he was misled into pleading guilty at trial, he has shown no impediment to timely filing a federal petition for writ of habeas corpus.

Petitioner also argues he is entitled to equitable tolling because he is actually innocent, the state court lacked jurisdiction and the AEDPA is constitutionally deficient. Actual innocence claims and/or ignorance of law do not support equitable tolling. *See Felder*, 204 F.3d at 172 (5th Cir. 2000). Petitioner's remaining claims for equitable tolling are frivolous.

## RECOMMENDATION:

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period. *See* 28 U.S.C. §2244(d).

Signed this 6 day of January, 2005.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

The United States District Clerk shall serve a copy of these findings and recommendations on the parties. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings and recommendations must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings and recommendations to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. The failure to file such written objections to these proposed findings and recommendations shall bar that party from a *de novo* determination by the district court. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 472 (1985). Additionally, the failure to file written objections to proposed findings and recommendations within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996)(en banc).

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE